UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALLIED TRUST INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO. 22-2077 |
| CHUEN K. TSANG, ET AL. | SECTION "R" (1) |

### ORDER AND REASONS

Before the Court is defendants' motion to dismiss plaintiff's complaint as moot under Fed. R. Civ. P. 12(b)(1).[1] Plaintiff opposes defendants' motion.[2] For the following reasons, the Court denies defendants' motion to dismiss.

### I.  BACKGROUND

This case arises out of an insurance dispute following Hurricane Ida in 2021. Plaintiff Allied Trust Insurance Company ("Allied Trust") is an insurer that issued a policy numbered 760223 (the "Policy") to defendants.[3] The Policy was effective from September 18, 2020 until September 18, 2021, and it covered certain risks relating to a property

---

1  R. Doc. 9.
2  R. Doc. 12.
3  R. Doc. 1 ¶ 3.

located at 2313 Penndale Lane, Harvey, Louisiana.[4] On August 30, 2021, defendants reported damage to the property arising from Hurricane Ida.[5] Allied Trust investigated the incident and determined that the covered damage amounted to $1,978.18, which was less than the Policy's deductible.[6] On March 22, 2022, counsel for defendants submitted an estimate for damage sustained to Allied Trust, in which defendants contended that the covered loss amounted to $135,270.68.[7] Then, on May 3, 2022, Allied Trust communicated to defendants' counsel that a disagreement existed and invoked the appraisal provision of the Policy to resolve the dispute.[8] The appraisal clause provides specific protocols for when the insurer and the covered parties disagree on the amount of loss, with which Allied Trust asserts that defendants have failed to comply.[9] As a result, Allied Trust filed this action for declaratory relief on July 7, 2022. In its prayer for relief, plaintiff asks the Court to declare the appraisal provisions in the Policy unambiguous

---

[4] *Id.*
[5] *Id.* ¶ 7.
[6] *Id.* ¶ 8.
[7] *Id.* ¶ 9.
[8] *Id.* ¶ 10.
[9] *Id.* ¶ 13.

and valid, that defendants must participate in the appraisal process, that defendants are required to name a proper appraiser, that an appraisal umpire must be selected, and that the appraisal protocol must occur as to all coverages, thereby resolving the dispute between the parties.[10]

Defendants now move to dismiss plaintiff's complaint as moot. In their motion, defendants argue that, because they are now complying with the appraisal clause, all the relief plaintiff seeks "has either already occurred, already been acknowledged, or already been provided, performed or completed, or is currently underway."[11] Plaintiff opposes the motion.[12]

The Court considers the motion below.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) permits dismissal for lack of jurisdiction over the subject matter of the claim. In ruling on a 12(b)(1) motion to dismiss, the Court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint

---

[10] *Id.* ¶ 21.
[11] R. Doc. 9-1 at 2.
[12] R. Doc. 12.

3

supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). The party asserting jurisdiction bears the burden of establishing that the district court possesses jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not ordinarily prevent the plaintiff from pursuing the claim in another forum. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

### III. DISCUSSION

Defendants assert that plaintiff lacks Article III standing because the case is now moot. Article III of the Constitution requires plaintiffs in federal court to allege an actual "case or controversy." *O'Shea v. Littleton*, 414 U.S. 488, 493 (1974); *see generally* U.S. Const. art. III, § 2 ("The judicial power shall extend to all cases [and] to controversies . . . ."). Article III's case-or-controversy requirement means that federal

courts have "no authority 'to give opinions upon moot questions[.]'" *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)); *see also Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000) ("The Constitution's case-or-controversy limitation on federal judicial authority . . . underpins . . . mootness jurisprudence."). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). A case may become moot during litigation if "(1) it can be said with assurance that 'there is no reasonable expectation' that the alleged violation will recur," *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631 (1979) (quoting *United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953)), and "(2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation," *id.* (citing *DeFunis v. Odegaard*, 416 U.S. 312, 94 (1974)). Further, "[t]he 'heavy burden of persuading' the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness." *Friends of the Earth, Inc.*, 528 U.S.

at 189 (quoting *United States v. Concentrated Phosphate Export Ass'n.*, 393 U.S. 199, 203 (1968)).

Defendants contend that, because they are currently complying with the appraisal protocols provided for in the Policy, all the relief that plaintiff seeks "has either already occurred, already been acknowledged, or already been provided, performed or completed, or is currently underway."[13] Defendants thus concede that at least some of the relief sought remains underway. Because there is no indication that the appraisal process has concluded, and defendants represented that the process remains ongoing in their most recent filing,[14] the alleged noncompliance could recur. *See Allied Tr. Ins. Co. v. Landeche*, No. 22-2080, 2022 WL 17476973, at *2 (E.D. La. Dec. 6, 2022) (holding that because the appraisal process had not concluded, the defendants' "alleged noncompliance . . . could reoccur," and thus the defendants had "not shown that the effects of the alleged violation [had] been completely and irrevocably eradicated."). Therefore, defendants have failed to meet the heavy burden of showing "that the challenged conduct

---

[13] R. Doc. 9-1 at 2.
[14] R. Doc. 21 at 2 (noting the lack of a binding appraisal award).

6

cannot reasonably be expected to start up again[.]" *Friends of the Earth, Inc.*, 528 U.S. at 189. Defendants' motion is denied.

## IV. CONCLUSION

For all of the foregoing reasons, defendants' motion is DENIED.

New Orleans, Louisiana, this __3rd__ day of January, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE