UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALLIED TRUST INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO. 22-2077 |
| CHUEN K. TSANG | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court is plaintiff Allied Trust Insurance Company's ("Allied Trust") unopposed motion to dismiss its action and defendants' counterclaims.[1]   For the following reasons, the Court grants in part and denies in part the motion.

## I.   BACKGROUND

This case arises out of an insurance dispute following Hurricane Ida in 2021.   Plaintiff ("Allied Trust") is an insurer that issued a policy numbered 760223 (the "Policy") to defendants Chuen Tsang and Celine Ziao Fang.[2] The policy was effective from September 18, 2020 until September 18, 2021, and covered certain risks relating to a property located at 2313 Penndale

---

[1]      R. Doc. 43.
[2]      R. Doc. 1 ¶ 3.

Lane, Harvey, Louisiana.[3]  On August 30, 2021, defendants reported damage to the property arising from Hurricane Ida,[4] which Allied Trust investigated and determined to amount to $1,978.18, less than the Policy's deductible.[5]

On March 22, 2022, the law firm McClenny, Moseley & Associates ("MMA") submitted an estimate for damage sustained to Allied Trust, contending that the covered loss amounted to $135,270.68.[6]  Allied Trust filed this action for declaratory relief on July 7, 2022, asking the Court to declare that defendants must raise their dispute according to the protocols described by the appraisal provisions in the Policy.[7]  Defendants timely answered plaintiff's complaint and filed counterclaims for breach of contract and penalties resulting from violations of Louisiana statutory insurer obligations of timeliness, good faith, and fair dealing.[8]

On March 8, 2023, the case, along with all other cases that involved MMA that were pending in this District, was stayed due to fraudulent conduct by the firm purportedly representing defendants.[9]  Defendants'

---

[3]   *Id.*
[4]   *Id.* ¶ 7.
[5]   *Id.* ¶ 8
[6]   *Id.* ¶ 9.
[7]   *See* R. Doc. 1.
[8]   R. Doc. 8 ¶¶ 18-34.
[9]   R. Doc. 7.

counsel withdrew, leaving them unrepresented.[10]  On June 30, 2023, Chief Magistrate Judge Michael North sent a letter to defendants notifying them of the action and informing them that, to proceed with the lawsuit, they could take one of three actions: (1) retain a new lawyer, (2) represent themselves, or (3) dismiss the lawsuit and waive their rights regarding the insurance claim at issue therein.[11]  The letter also ordered defendants to notify the Court of their decision within sixty days and noted that their failure to respond may result in dismissal of their counterclaims.[12]

Over a year after Chief Magistrate Judge Michael North's letter, and with no other movement on the docket, Allied Trust now seeks to dismiss its lawsuit and defendants' counterclaims with prejudice.[13]  Defendants did not respond.

The Court considers the motion below.

## II.   LAW AND ANALYSIS

Federal Rule of Civil Procedure 41(a) provides that an "action may be dismissed at the plaintiff's request only by court order, on terms that the

---

[10]     R. Docs. 31 & 34.
[11]     R. Doc. 35.
[12]     *Id.*
[13]     R. Doc. 43.

court considers proper" when the opposing party has already served an answer and has not stipulated to dismissal.  If "a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication."  Fed. R. Civ. P. 41(a)(2).  Defendants have not objected to dismissal of the lawsuit, and therefore the Court grants plaintiff's motion to voluntarily dismiss its action.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  This rule applies to the dismissal of counterclaims.  Fed. R. Civ. P. 41(c); *see also Sea-Land Serv., Inc. v. Banca de Republica de Dominica*, 697 F. Supp. 253, 257 (E.D. La. 1988) (dismissing counterclaims of defendant for failure to prosecute).

Dismissal with prejudice for failure to comply with a court order should be a last resort, and "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate."  *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008).   Dismissal with prejudice under Rule 41(b) is appropriate only when "there is a 'clear record of delay or contumacious conduct by the plaintiff . . . and when lesser sanctions would not serve the

best interests of justice.'" *Id.* (quoting *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985)).   Typically, one of three aggravating factors must be present: "(1) delay caused by the plaintiff and not [plaintiff's] attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Campbell v. Wilkinson*, 988 F.3d 798, 802 (5th Cir. 2021) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).   Conversely, dismissal without prejudice is not an adjudication on the merits, and, thus, courts are afforded greater discretion in dismissing claims for failure to prosecute or failure to comply with any court order in this manner. *See Brooks v. Pinkerton Sec.*, 3 F.3d 439, 1993 WL 347230, at *1 (5th Cir. 1993) (citing *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980)).

Here, plaintiff points to defendants' failure to respond to Chief Magistrate Judge North's letter or Allied Trust's correspondence[14] on April 26, 2024, as grounds for dismissal of their counterclaims.[15]   To date, more than ten months have passed since defendants' deadline to respond to Chief Magistrate Judge North's letter.[16]   Defendants have not returned a

---

[14]   R. Doc. 43-2.
[15]   R. Doc. 43 at 2.
[16]   Chief Magistrate Judge North issued the letter on June 30, 2023, which specified that plaintiff must respond within sixty days, or by August 29, 2023.  R. Doc. 35.

completed selection form enclosed with the letter, nor have they retained new counsel or attempted to prosecute this case as *pro se* litigants. Defendants have done nothing in the case since Chief Magistrate Judge North mailed them the letter on June 30, 2023. Given defendants' ongoing failure to comply with the Court's directive, the Court finds a "clear record of delay." *See, e.g.*, *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 966 F.3d 351, 360 (5th Cir. 2020) (affirming dismissal of claims of plaintiff who "failed to comply with the court's order to submit a complete [fact sheet] for nearly five months"); *Gartin v. Par Pharm. Co.*, 289 F. App'x 688, 692, 694 (5th Cir. 2008) (holding that a delay of seven months in serving one of the defendants was a clear record of delay).

Nevertheless, the Court is not satisfied that involuntary dismissal with prejudice is appropriate at this time. This Court has not previously imposed "lesser sanctions" for defendants' delay, and there is no evidence that defendants' delay has caused actual prejudice to plaintiff, or that defendants have intentionally delayed. *See Bryson*, 553 F.3d at 403. The Court therefore finds that the lesser sanction of dismissal without prejudice is warranted. *See id.*; *Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming dismissal without prejudice of action for want of prosecution when litigant was given four months to respond to a court order, yet failed to

do so, and the court warned that failure to respond could result in dismissal);

*see also Williams v. Am. Zurich Ins. Co.*, No. 22-4777, 2024 WL 1967155, at

*2 (E.D. La. May 3, 2024) (granting defendant's motion for involuntary

dismissal after finding clear record of delay, but denying request that

dismissal be with prejudice because lesser sanction of dismissal without

prejudice was more appropriate).


## III.  CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion for

voluntary dismissal of its action and GRANTS IN PART and DENIES IN

PART plaintiff's motion for involuntary dismissal of defendants'

counterclaims.   The Court GRANTS plaintiff's request for involuntary

dismissal but DENIES the request insofar as it seeks dismissal with

prejudice.   Accordingly, plaintiff's action and defendants' counterclaims are

DISMISSED WITHOUT PREJUDICE.


New Orleans, Louisiana, this __20th__ day of August, 2024.


_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE